## Alex McIlvain *v.* S. A. Day.

**Same—Evidence Conflicting—Case for Jury.**
Where the evidence is conflicting and the jury has been properly instructed, their finding will not be disturbed.

APPEAL FROM FLEMING CIRCUIT COURT.

April 21, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was a suit against Day upon a note executed to John D. Secrest and assigned by him to appellant, for $474.95, dated October 3, 1860, due November 5, thereafter, and purporting to be

signed by *"E. Davis and Day,"* to which Day responded that he was not the partner of Davis in the purchase of hogs from Secrest, for which he claimed the note had been executed, nor had he signed nor authorized anyone to sign his name to said note, and denied his responsibility in any manner for said sum. There were two mistrials, but the jury found for defendant on the third, and the court having adjudged accordingly, McIlvain seeks a reversal.

The evidence now objected to as illegal was permitted to go to the jury without either objection or exception so far as this record shows, it is, therefore, too late now to complain of it, nor could it be taken advantage of on a motion for a new trial. The note reads *"I promise to pay,"* and on its back is endorsed in Secrest's handwriting *"Davis Note."* It is abundantly established that the name of Day after E. Davis is not in Day's handwriting; the preponderating evidence is that there were 63 hogs sold by Secrest, averaging 150 pounds, at $5.25 per 100 pounds; that he took from Davis four head of cattle at $210 as part pay for the hogs, and that two notes were given, the price of the cattle deducted from the first, and the other note given for half the amount of the hogs. The entire lot of hogs would only come to $496.12, the half of which is $248.06, or, if there had been but one note given after deducting the price of the cattle it should have been for only $286.12.

Had there been 100 hogs, weighing 200 pounds each, as stated by Secrest, who was a witness, the entire amount would have been $1,100, and the note should have been for $550. If the hogs be estimated by the weight of evidence their value falls far below the amount of the note sued upon, if estimated by Secrest's evidence the note sued on falls considerably below the proper value of the hogs.

The evidence authorized the jury to find that Day was not Davis' partner in the purchase of the hogs; that the hogs had been paid for, and that the note in question was not given on the hog purchase; whilst on the other hand it would have authorized a contrary finding.

As the evidence was conflicting, it was essentially a case for the decision of the jury, and as the court properly presented the issues, according to the evidence of each party, by instructions,

we see no cause to disturb the finding or to reverse the judgment. Wherefore, it is *affirmed*.

*Wadsworth, for appellee.*

*Cord, for appellant.*